UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARLO M.,

Plaintiff,

v.

FRANK BISIGNANO,[1] Commissioner of Social Security,

Defendant.

---

**DECISION and ORDER**

**25-CV-53-LGF**
(**consent**)

APPEARANCES:

HILLER COMERFORD INJURY & DISABILITY LAW
Attorneys for Plaintiff
IDA M. COMERFORD, and
REBECCA M. KUJAWA, of Counsel
6000 North Bailey Avenue
Suite 1A
Amherst, New York 14226

MICHAEL DiGIACOMO
UNITED STATES ATTORNEY
Attorney for Defendant
Federal Centre
138 Delaware Avenue
Buffalo, New York 14202
and
SERGEI ADEN
Special Assistant United States Attorney, of Counsel
Social Security Administration
Office of Program Litigation
6401 Security Boulevard
Baltimore, Maryland 21235

---

[1] Frank Bisignano became the Commissioner of the Social Security Administration on May 7, 2025, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On April 3, 2026, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned in accordance with this court's June 29, 2018 Standing Order (Dkt. 9). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on April 15, 2025 (Dkt. 5), and by Defendant on May 12, 2025 (Dkt. 7).

## BACKGROUND

Plaintiff Marlo M. ("Plaintiff"), brings this action under Titles II and Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application ("application") filed with the Social Security Administration ("SSA") on August 15, 2022, for Social Security Disability Insurance Benefits under Title II of the Act ("DIB" or "disability benefits"). AR[2] at 190-94. Plaintiff alleges she became disabled on November 1, 2020, AR at 217, based on depression, anxiety, post-traumatic stress disorder ("PTSD"), fibromyalgia, insomnia, back, feet, and hip pain, sinuses, plantar fasciitis, degenerative disc disease, and lumbar radiculopathy. AR at 220. Plaintiff's application initially was denied on January 20, 2023, AR at 123-136, and upon reconsideration on September 7, 2023. AR at 138-141.

Plaintiff timely filed a request for an administrative hearing ("hearing"), AR at 142-43, which was granted with the hearing held via teleconference on April 18, 2024, before

[2] References to "AR" are to the Bates-stamped pages of the Administrative Record electronically filed by Defendant on March 17, 2025 (Dkt. 3).

Administrative Law Judge ("ALJ") Bryce Baird ("the ALJ"), in Buffalo, New York. AR at 45-89. Appearing and testifying at the hearing by telephone were Plaintiff, represented by Christopher James Grover, Esq., with impartial vocational expert ("VE") Dawn Blythe also appearing and testifying by telephone. On August 28, 2024, the ALJ issued a decision denying Plaintiff's claims, AR at 8-27 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council. AR at 289-91. On November 14, 2023, the Appeals Council acknowledged receipt of additional evidence with was made part of the administrative record. AR at 30-44. On November 27, 2024, the Appeals Council denied Plaintiff's request to review the ALJ's decision, rendering it the Commissioner's final decision. AR at 1-6. On January 14, 2025, Plaintiff commenced this action seeking review of the ALJ's decision denying Plaintiff disability benefits.

On April 15, 2025, Plaintiff moved for judgment on the pleadings (Dkt. 5) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 5-1) ("Plaintiff's Memorandum"). On May 12, 2025, Defendant moved for judgment on the pleadings (Dkt. 7) ("Defendant's Motion"), attaching the Commissioner's Brief in Support of the Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Rule 5.5 on Social Security Cases (Dkt. 7-1) ("Defendant's Memorandum"). Filed on May 23, 2025, was Plaintiff's Response to Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 8) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is GRANTED in part and DENIED in part; Defendant's Motion is DENIED in part and GRANTED in part.

**FACTS**[3]

Plaintiff Marlo M. ("Plaintiff"), born June 27, 1970, was 50 years old as of her alleged disability onset date ("DOD") of November 1, 2020, and 54 years old as of August 28, 2024, the date of the ALJ's decision. AR at 40, 193, 217. Plaintiff lives in an apartment with her adult sons, AR at 55, 229, 369, 544, graduated from high school where she attended regular classes, AR at 55, 124, 329, and graduated from a two-year college with an Associate's degree in electronics. *Id*. at 221. Plaintiff served in the U.S. Navy during the Gulf War from March 20, 1989 to January 26, 1993, when she was honorably discharged. AR at 61, 369, 545. Plaintiff has a driver's license and can drive. AR at 54, 546. Plaintiff's daily activities include helping care for her three-year old granddaughter, taking care of her dog with a son's help, bathing and self-grooming although she has some difficulty dressing, preparing meals with her son, light housekeeping, driving short distances, grocery shopping with a son's help, reading, watching television, reading to her granddaughter, and knitting. AR at 230-33. Plaintiff socializes by telephone, through texting, and by video chat, goes out to dinner a couple of times a month, and to free dinner at her church on Fridays. AR at 233. Plaintiff can handle money including paying bills, counting change, and handle and use savings and checking accounts. AR at 232. Plaintiff's past relevant work ("PRW") includes working as a clerk/yard master for a railroad, a customer service representative in banking, and in housekeeping for a hospital. AR at 222.

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

Plaintiff obtains primary care at the VA Medical Center ("VA") in Buffalo, New York. AR at 59-60. In 2018, Plaintiff received a service-related disability ratings for which she receives veteran's disability benefits. AR at 55. In particular, Plaintiff received a 100% service-related disability based on individual disability ratings of 60% for hiatal hernia, 50% for PTSD, 50% for flat foot condition, 40% for sciatic nerve paralysis, 40% for fibromyalgia, 30% for chronic maxillary sinusitis, 20% for intervertebral disc syndrome, 10% for superficial scars, and 10% for limited extension of thighs. AR at 591. Despite receiving a 100% service-related disability rating from the VA, Plaintiff was considered "employable" based on the individual disability ratings and was permitted to work in certain positions at the VA. AR at 56-57.

In connection with her disability benefits application, on December 15, 2022, Plaintiff underwent an internal medicine examination by consultative physician Hongbiao Liu, M.D. ("Dr. Liu"), whose remarkable findings included that Plaintiff can walk on heels and toes with moderate difficulty, squat to 40% because of pain, decreased range of motion throughout Plaintiff's spine, positive straight leg raising test ("SLR") in the low back in both supine and sitting positions, decreased range of motion in her shoulders and 12 "trigger points" (tight, sensitive knots in muscles causing pain when pressed), including six in the neck, four in the low back, two in the bilateral hips. AR at 537-40. The rest of the examination was within normal limits and Dr. Liu diagnosed Plaintiff with chronic whole body pain and arthritis, fibromyalgia, and history of military injury. *Id*. Plaintiff's medications included Klonopin (panic and seizure disorders), Famotidine (acid reducer), Flexeril (muscle relaxer), and Cymbalta (depression, anxiety, fibromyalgia, and nerve pain). AR at 537. Dr. Liu assessed Plaintiff's prognosis as stable and provided a

medical source statement ("Dr. Liu's opinion") including mild-to-moderate limitations for prolonged walking, bending, lifting, carrying, squatting, overhead reaching, prolonged sitting and standing, and climbing stairs. *Id*. at 540.

Also on December 15, 2022, Plaintiff underwent a psychiatric evaluation by consultative psychologist Christine Ransom, Ph.D. ("Dr. Ransom"), who listed Plaintiff's current medications as Klonopine, Famotidine, cyclobenzaprine,[4] duloxetine (depression, anxiety, and chronic pain), and loratadine (allergies). AR at 544. Dr. Ransom's evaluation of Plaintiff was unremarkable, AR at 544-47, and Dr. Ransom diagnosed Plaintiff with PTSD, currently stabilized, and lower back pain and degenerative disc disease per Plaintiff's report. AR at 547. Dr. Ransom's medical source statement included that "[t]he results of the evaluation are consistent with a psychiatric condition which is currently stabilized and will not interfere with the claimant's ability to function on a daily basis." *Id*. at 546-47. Dr. Ranson assessed Plaintiff's prognosis as "good" if Plaintiff continued with her current medications management for PTSD. *Id*. at 547.

On January 18, 2023, Plaintiff's medical records were reviewed by State agency review psychologist P. Roy-Petrick, Ph.D. ("Dr. Roy-Petrick"), and opined Plaintiff's mental impairments, including depressive, bipolar, and related disorders,[5] anxiety and obsessive-compulsive disorders, and trauma- and stressor-related disorders, are non-severe. AR at 96-98. With regard to the four domains of mental functioning used to assess mental impairments, Dr. Roy-Petrick found Plaintiff with mild limitations in the

[4] Cyclobenzaprine is the generic for Flexeril.

[5] Dr. Roy-Petrick did not distinguish whether Plaintiff suffers from a depressive disorder, bipolar disorder, a disorder related to depression or bipolar, or a combination.

domains of interacting with others, and concentrating, persisting or maintaining pace, but without any limitations in the domains of understanding, remembering, and applying information, and adapting or managing oneself. *Id*. at 97. On September 7, 2023, State agency review psychologist M. Butler, Ph.D. ("Dr. Butler'), upon review of the initial denial of Plaintiff's application, reviewed Plaintiff's medical record and affirmed Dr. Roy-Petrick's findings. AR at 110-11.

On January 19, 2023, State agency review physician H. Miller, M.D. ("Dr. Miller"), reviewed Plaintiff's medical records and found that Plaintiff can lift and carry 20 lbs. occasionally and 10 lbs. frequently, stand and/or walk for six hours in an 8-hour day, sit for six hours in an 8-hour day, frequently climb ramps, stairs, ladders, ropes, and scaffolds, frequently kneel, crouch, and crawl, and occasionally stoop. AR at 100-02. Dr. Miller opined Plaintiff is not disabled. AR at 103. On September 21, 2023, State agency review physician G. Zito, M.D. ("Dr. Zito"), upon review of the initial denial of Plaintiff's application, reviewed Plaintiff's medical record and affirmed Dr. Miller's finding that Plaintiff is not disabled. AR at 112-13.

## DISCUSSION

### 1. Standard and Scope of Judicial Review

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's

determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has instructed . . . that the factual findings of the Secretary,[6] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

In short, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if

[6] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

a reasonable factfinder would *have to conclude otherwise*.'" *Id*. at 58-59 (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).

**2. Disability Determination**

The definition of "disabled" is the same for purposes of receiving Disability Insurance Benefits ("DIB") under Title II of the Act as for SSI benefits under Title XVI of the Act. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's residual functional capacity ("RFC") which is the applicant's ability to perform physical or mental work activities on a

sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id*., but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found that Plaintiff meets the insured status requirements for DIB through June 30, 2026, AR at 32, and has not engaged in substantial gainful activity ("SGA") since November 1, 2020, Plaintiff's alleged disability onset date ("DOD").[7] AR at 32. The ALJ found Plaintiff suffers from the severe

[7] The ALJ determined that although Plaintiff earned income in 2021 and 2022, the earnings did not meet the level of SGA. AR at 32.

impairments of lumbar disc disease, obesity, and fibromyalgia, *id*. at 32-33, but that other medically determinable impairments including plantar fasciitis, anxiety, depression, and PTSD do not significantly limit Plaintiff's physical or mental ability to do basic work activities and thus are not severe. *Id*. at 33-34. The ALJ further found that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 35. Despite her impairments, the ALJ found Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b),[8] with additional limitations including that Plaintiff can stand and/or walk for six hours in an 8-hour workday, sit for six hours in an 8-hour workday, occasionally climb stairs and ramps, never climb ladders, ropes, or scaffolds, occasionally balance, stoop, kneel, and crawl, and never crawl. *Id*. at 35-38. The ALJ further found Plaintiff remains capable of performing her past relevant work as a Hospital Cleaner as Plaintiff performed it, and as a Lost Charge Card Clerk both as classified in the Dictionary of Occupational Titles ("DOT") and as Plaintiff performed it. AR at 38-39. Although the ALJ found at step 4 that Plaintiff remains capable of performing her PRW, the ALJ also continued to make a step 5 finding that Plaintiff retained the RFC to work as a Storage Facility Rental Clerk, a Ticket Seller, and a Cashier II. AR at 39. Accordingly, the ALJ found Plaintiff was not disabled as defined in the Act since Plaintiff's alleged DOD of November 1, 2020, through the date of the ALJ's decision. *Id*.

[8] Relevantly, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

### 3. Analysis

In support of her motion, Plaintiff argues the ALJ committed legal error by failing to obtain documentation from the VA regarding Plaintiff's VA disability rating which rating the ALJ did not even consider, Plaintiff's Memorandum at 10-12, failing to incorporate or to explain the failure to incorporate into the RFC formulation Dr. Liu's opinion that Plaintiff has limitations to overhead reaching, *id*. at 12-16, and failing to consider Plaintiff's non-severe mental impairments when formulating the RFC. *Id*. at 16-23. In opposition to Plaintiff's Motion and in support of Defendant's Motion, Defendant argues that substantial evidence supports the ALJ's finding, Defendant's Memorandum at 10-14, including that the ALJ was not required to seek additional evidence from the VA, *id*. at 14-17, the RFC finding need not mirror any medical opinion including Dr. Liu's finding that Plaintiff has limitations to overhead reaching, *id*. at 17-20, nor was the ALJ compelled to include any particular mental limitations in Plaintiff's RFC in the absence of evidence supporting more than mild limitations to Plaintiff's mental functioning. *Id*. at 20-22. In reply, Plaintiff argues the fact that Plaintiff received her VA disability finding in 2018 does not render such finding irrelevant to Plaintiff's application for disability benefits, Plaintiff's Reply at 1-2, Plaintiff's VA disability rating and underlying report could affect the ALJ's assessment of Plaintiff's PTSD, *id*. at 2-3, the ALJ should have either incorporated Dr. Liu's finding that Plaintiff was limited in her ability to reach overhead or explained the failure to do so, *id*. at 3-4, and reiterates that the ALJ's failure to consider Plaintiff's non-severe mental impairments when formulating the RFC was error. *Id*. at 4-5. The undersigned addresses each of the arguments in turn.

**A. VA Disability Rating**

Plaintiff argues the ALJ's failure to obtain documentation from the VA regarding Plaintiff's 100% service-related VA disability rating, which rating the ALJ did not even consider, was error, Plaintiff's Memorandum at 10-12, even though such disability rating was received in 2018, after which Plaintiff continued to work and prior to Plaintiff's alleged disability onset date. Plaintiff's Reply at 1-2. In opposition, Defendant maintains not only was Plaintiff's VA disability rating issued while Plaintiff continued to work which undermines Plaintiff's claim that she is unable to work, the rating also is not persuasive with regard to the ALJ's finding, Defendant's Memorandum at 14, the ALJ was not required to solicit evidence from the VA regarding the VA disability rating, a task that lies with Plaintiff, *id*. at 14-16, and the relevant VA records are in the administrative record. *Id*. at 16. Further, despite suggesting at the administrative hearing that additional VA records may be missing and were requested, and the ALJ agreeing to hold the record open for an additional two weeks to permit Plaintiff to submit such records, Defendant argues that Plaintiff did not do so.[9] *Id*. at 16-17.

Initially, the VA's 100% service-related disability rating is not binding on the ALJ. *See Lohnas v. Astrue,* 510 Fed.Appx. 13, 14-15 (2d Cir. 2013) ("Because the Commissioner is not bound by another agency's disability determination, and because the Commissioner's decision was supported by substantial evidence, any alleged failure by the ALJ to consider fully the disability determination by the Department of Veteran Affairs does not affect our decision to affirm."). Nevertheless, "evidence of a disability

[9] Although the VA service-related disability ratings report is not in the record, Plaintiff's medical records from the VA dating for the period of time relevant to Plaintiff's disability benefits application are in the record. *See* AR at 330-536, 555-665.

decision by another governmental or nongovernmental agency cannot be ignored and must be considered." SSR 06-03P, [10] 2006 WL 2329939, at * 6 (S.S.A. Aug. 9, 2006). *See Frost v. Colvin*, 2017 WL 2618099, at *3 (W.D.N.Y. June 16, 2017) ("'Disability decisions by other governmental agencies are not binding on the ALJ, but are entitled to some weight and should be considered.'" (quoting *Rivera v. Colvin*, 592 Fed.Appx. 32, 33 (2d Cir. 2015) (affirming lower court's decision upholding the ALJ's finding that the claimant was not disabled where the ALJ noted two separate disability determinations made by the VA and distinguished the determinations from other substantial evidence in the record) (further quotation omitted)); *Kowalske v. Astrue*, 2012 WL 32967, at *4 (W.D.N.Y. Jan. 6, 2012) ("Although the ALJ is correct that the VA's determination of disability is not a vocational determination, it nevertheless speaks to Plaintiff's residual functional capacity and the ALJ was required to give it some weight and explain why it was not entitled to greater consideration." (citing SSR 06–03p, 2006 WL 2329939, at *7)). Accordingly, the ALJ's failure to consider Plaintiff's VA service-disability rating is error requiring remand.

**B. Limitation to Overhead Reaching**

Plaintiff argues that ALJ erred by failing either to incorporate into the RFC formulation Dr. Liu's opinion that Plaintiff has mild to moderate limitations to overhead reaching, or to explain the failure to do so. Plaintiff's Memorandum at 12-16, Plaintiff's Reply at 3-4. In opposition, Defendant argue the ALJ's RFC formulation need not mirror any medical opinion. Defendant's Memorandum at 17-20.

[10] "SSR" is the acronym for "Social Security Rulings" which are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration. These rulings represent precedent final opinions and orders and statements of policy and interpretations that [the SSA] ha[s] adopted." 20 C.F.R. § 402.35(b)(1).

As Plaintiff asserts, Plaintiff's Memorandum at 12-13, consultative physician Dr. Liu found Plaintiff with mild to moderate limitations to reaching overhead, AR at 137, which the ALJ did not incorporate into the RFC assessment despite finding Dr. Liu's opinion to be "persuasive" as based on Dr. Liu's "personal evaluation of [Plaintiff] with testing of range of motion and strength," AR at 37, and which "findings are not inconsistent with findings in the treatment records . . . ." *Id*. Despite describing Dr. Liu's examination findings as "persuasive" and consistent with Plaintiff's treatment records, the ALJ did not include Dr. Liu's determination that Plaintiff has a mild to moderate limitation to overhead reaching in the RFC formulation. AR at 38.[11] Defendant argues that this was not error requiring remand because there is no evidence in Plaintiff's medical records that Plaintiff has any physical condition corroborating any restriction of Plaintiff's use of her shoulders beyond that already included for light work. Defendant's Memorandum at 19-20. Defendant's argument misses the mark for several reasons.

First, "light work," as defined, does not include any restrictions to the use of shoulders or overhead reaching. *See* Discussion, *supra*, at 11 n. 8 (noting how "light work" is defined in the relevant regulations). Second, there is evidence in the record that Plaintiff has physical impairments that restrict the use of her shoulders. *See* AR at 358 (VA records noting Plaintiff with chronic neck/back pain); 453 (VA records noting Plaintiff with "thoracolumbar spine" condition causing muscle aches across Plaintiff's back at her shoulders). Dr. Liu partially attributed Plaintiff's fibromyalgia diagnosis to six trigger points in Plaintiff's neck. AR at 539. Significantly, Dr. Liu's physical examination of Plaintiff found decreased range of motion of Plaintiff's shoulders bilaterally. AR at

[11] The hypotheticals the ALJ posed to the VE did not include limitations to overhead reaching. AR at 81-87.

539. Nor did the hypotheticals the ALJ posed to the VE include any limitations to overhead reaching. AR at 81-87.

The inherent inconsistency between the ALJ's determining that Dr. Liu's opinion is persuasive and consistent with Plaintiff's treatment records, but failing to include any restrictions to Plaintiff's ability to perform overhead reaching or to otherwise reconcile Dr. Liu's opinion with the medical records also requires remand. *See Michelle J. v. Comm'r of Soc. Sec.*, 2022 WL 17540647, at *4 (W.D.N.Y. Dec. 8, 2022) (remanding to enable ALJ to evaluate the opinion evidence in light of the record to determine whether certain limitations included in a medical opinion were supported and should be included in formulating the plaintiff's RFC) (citing *Holstrom v. Comm'r of Soc. Sec.*, 2020 WL 3989349, at *5 (W.D.N.Y. July 15, 2020) (citing *Holder v. Saul*, 2020 WL 1465863, *3 (W.D.N.Y. Mar. 26, 2020) ("[w]ithout a proper explanation as to why the ALJ decided to adopt certain portions of the opinions to which he assigned 'significant weight' and reject other parts, the ALJ's RFC determination . . . is not supported by substantial evidence"))). The error is not harmless as the VE was not asked to determine if the jobs identified at the hearing could be performed with limitations to overhead reaching, nor does the DOT[12] provide specific information regarding whether the jobs the ALJ found Plaintiff could perform, including her PRW as a Hospital Cleaner, DOT 323.687-010, Lost Charge Card Clerk, DOT 209.367-034, and Yard Manager, DOT 910.137-046, as well as the other jobs identified by the VE including Storage Facility Rental Clerk, DOT 295.367-026, a Ticket Seller, DOT 211.467-030, and a Cashier II, DOT 211.462-010,

[12] According to SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000), the DOT is authoritative.

AR at 38-39, require overhead reaching to an extent beyond Plaintiff's ability. *Id*. Accordingly, this error requires remand to the ALJ.[13]

**C. Mental Limitations**

As regard's Plaintiff's argument that the ALJ erred by failing to consider Plaintiff's mental impairments to be severe impairments and failing to incorporate limitations attributed to Plaintiff's mental impairments into the RFC formulation, Plaintiff's Memorandum at 16-23; Plaintiff's Reply at 4-5, with which Defendant disagrees, Defendant's Memorandum at 20-22, the Second Circuit considers such errors harmless provided the ALJ proceeds with the subsequent steps of the analysis during which the effects of the subject non-severe impairments are clearly considered. *See Stanton v. Astrue*, 370 Fed.Appx. 231, 233 n. 1 (2d Cir. 2010) (noting the ALJ's decision included consideration of the combination of the plaintiff's severe and nonsevere impairments and the combined effects of all symptoms in formulating the RFC, thus rendering harmless any error by the ALJ in failing to consider the plaintiff's neuropathy a severe impairment); *Brenda D. v. Comm'r of Soc. Sec.*, 2021 WL 1856905, at * 4 (W.D.N.Y. May 10, 2021) (citing *Reices-Colon v. Astrue*, 523 Fed.Appx. 796, 798 (2d Cir. 2013) (because the ALJ specifically considered the plaintiff's anxiety and panic attacks during the subsequent steps of the sequential analysis, any error at step 2 in failing to find such impairments were non-severe was harmless)). Here, as required, the ALJ specifically stated that although he considered Plaintiff's mental impairments of anxiety and depression to be non-severe, the ALJ also stated that he considered all of Plaintiff's

[13] Defendant provides no legal basis for the argument, Defendant's Memorandum at 19, that even if Plaintiff's RFC included a restriction to overhead reaching, Plaintiff would remain capable of performing the Cashier II job, Defendant's Memorandum at 19, nor does the court's research reveal any authority permitting the court to construe the DOT and make such a determination.

alleged symptoms attributed to Plaintiff's medically determinable impairments, including both severe and non-severe, when assessing Plaintiff's RFC. AR at 33. Accordingly, that the ALJ did not consider Plaintiff's mental impairment to be severe is not an error requiring remand.

Plaintiff also argues that ALJ erred in formulating the RFC by failing to account for any mental limitations attributed to Plaintiff's mental impairment. Plaintiff's Memorandum at 16-23; Plaintiff's Reply at 4-5. In particular, the ALJ's determination that Plaintiff's non-severe mental impairments caused Plaintiff no limitations in her ability to work is supported by the opinions of the consultative psychologist, as well as the State agency review psychologists, none of whom concurred with Plaintiff's assertion that her anxiety disorder is severe. *See* AR at 544-47 (Dr. Ransom finding Plaintiff with PTSD, "currently stabilized," and with no limitations in any of the four domains of mental functioning and stating that "[t]he results of the evaluation are consistent with a psychiatric condition that is currently stabilized and will not interfere with the claimant's ability to function on a daily basis"); AR at 96-98 (Dr. Roy-Petrick reporting Plaintiff's mental impairments, including depressive, bi-polar, and related disorders, anxiety and obsessive-compulsive disorders, and trauma- and stressor-related disorders, are non-severe and posed only mild limitations in the domains of mental functioning of interacting with others, and concentrating, persisting or maintaining pace, but no limitations in the domains of mental functioning of understanding, remembering, and applying information, and adapting or managing oneself); AR at 110-11 (Dr. Butler affirming Roy-Petrick's findings). Consultative examiners and State agency medical consultants are deemed to be highly qualified physicians who are experts in Social

Security disability evaluations and an ALJ is entitled to rely upon their opinions, which can also serve as substantial evidence. *See Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) (consultative physician's report may constitute substantial evidence); *Petrie v. Astrue*, 412 Fed.Appx. 401, 405-06 (2d Cir. 2011) (citing 20 C.F.R. §§ 404.1513a and 416.913a, *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004), and *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983)).

Additionally, at Plaintiff's exams at the VA where Plaintiff received primary care, Plaintiff, despite some findings indicative of depression, anxiety, and PTSD, repeatedly had normal mental status findings. *See*, *e.g.*, AR at 370 (2/14/2022 - Plaintiff's psychiatric examination was "normal" with normal appearance, organized clear thought and speech, and no disturbance of mood"); 393-94 (5/22/2022 – Plaintiff reported increased anxiety and panic attacks after she discontinued medications, agreed to restart medications, yet psychiatric examination found Plaintiff neatly dressed, well groomed with good hygiene, good eye contact and cooperative with interview, speech normal in rate, tone, quantity and latency, thought process linear and goal directed, no delusions or hallucinations, mood "a little better" and "affect is brighter than last time," good thought and judgment, no suicidal or homicidal ideation, and oriented in all three spheres); AR at 601-05 (7/26/2023 – Plaintiff had some mild anxiety she attributed to legal issues involving her son, but denied stressors in life causing depression, psychiatric assessment was normal with normal appearance, organized clear thought and speech, and no disturbance of mood). Nor is there any evidence in the record that Plaintiff's mental impairment had more than minimal impact on Plaintiff's activities of daily living. *See*, *e.g.*, AR at 538 (Plaintiff reported cooking one to two times a week,

cleaning house and doing laundry once a week, shopping one to two times a week, showering five to six times a week, dressing daily, watching television, listening to the radio, reading books, and engaging in on-line social media); AR at 546 (Plaintiff reported she can dress, bathe, and groom herself, cook and prepare food, clean, do laundry, and shop, is able to handle money and drive a vehicle, stays in touch with family and friends on a regular basis, watches television, listens to the radio, reads, participates in on-line social media, and performs light household chores). "The ALJ may also properly consider the range of daily activities in which the plaintiff is capable of engaging despite plaintiff's medical impairments." *See Carol M. v. Saul*, 2021 WL 351300, at *4 (W.D.N.Y. Feb. 2, 2021) (citing *Roma v. Astrue*, 468 Fed.Appx. 16, 18-19 (2d Cir. 2012) (the claimant's undisputed activities of daily living was substantial evidence supporting the ALJ's determination the claimant was not disabled)). The ALJ's determination that Plaintiff's mental impairments are not severe is supported by substantial evidence in the record and the ALJ did not err by failing to incorporate into the RFC formulation any limitations attributed to Plaintiff's mental impairments.

The record thus establishes the ALJ properly analyzed the opinion evidence and the other evidence of record regarding Plaintiff's mental impairments and did not err by failing to include limitations attributed to Plaintiff's mental impairment when developing Plaintiff's RFC.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 5) is GRANTED in part and DENIED in part; Defendant's Motion (Dkt. 7) is DENIED in part and GRANTED in part. The matter is REMANDED to the Commissioner pursuant to 42 U.S.C. § 405(g) for

further proceedings consistent with this Decision and Order. The Clerk of Court is DIRECTED to CLOSE the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 15, 2026
Buffalo, New York